# United States Court of Appeals for the Federal Circuit

---

**DAVID COUTURE,**
*Appellant*

v.

**PLAYDOM, INC.,**
*Appellee*

---

2014-1480

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92051115.

---

Decided: March 2, 2015

---

DAVID COUTURE, Los Angeles, CA, pro se.

DAVID MICHAEL KELLY I, Kelly IP, LLP, Washington, DC, for appellee. Also represented by LINDA K. MCLEOD.

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges.*

DYK, *Circuit Judge.*

David Couture ("appellant") appeals from a decision of the Trademark Trial and Appeal Board (the "Board")

granting a petition by Playdom, Inc. ("appellee") to cancel appellant's PLAYDOM service mark. We affirm.

BACKGROUND

On May 30, 2008, appellant filed an application to register the service mark PLAYDOM pursuant to Lanham Act § 1(a), 15 U.S.C. § 1051(a). As a specimen showing use of the mark, appellant submitted a "[s]creen capture of [a] website offering Entertainment Services in commerce." App. 39. Also on May 30, 2008, appellant had created the website, which was hosted at www.playdominc.com. As of May 30, 2008, the website included only a single page, which stated: "[w]elcome to PlaydomInc.com. We are proud to offer writing and production services for motion picture film, television, and new media. Please feel free to contact us if you are interested: playdominc@gmail.com." App. 45. The webpage included the notice: "Website Under Construction." App. 45. No services under the mark were provided until 2010, well after the application was filed. The PLAYDOM mark was registered by the United States Patent and Trademark Office ("PTO") on January 13, 2009, as registration no. 3,560,701.

On February 9, 2009, appellee filed an application to register the identical mark—PLAYDOM. Appellant's registered mark was cited by the examining attorney as a ground for rejecting appellee's application under Lanham Act § 2(d), 15 U.S.C. § 1052(d). On June 15, 2009, appellee filed a petition to cancel the registration of appellant's mark, arguing, *inter alia*, that appellant's registration was void *ab initio* because appellant had not used the mark in commerce as of the date of the application. On February 3, 2014, the Board granted the cancellation petition, stating that appellant "had not rendered his services as of the filing date of his application" because he had "merely posted a website advertising his readiness,

willingness and ability to render said services," and the registration was therefore void *ab initio*. App. 10.

## DISCUSSION

"This court reviews the Board's legal conclusions de novo, and the Board's factual findings for substantial evidence." *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1350 (Fed. Cir. 2010) (citations omitted).

## I

To apply for registration under Lanham Act § 1(a), a mark must be "used in commerce." 15 U.S.C. § 1051(a)(1). A mark is used in commerce

> on services when [1] it is used or displayed in the sale or advertising of services and [2] the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services.

*Id.* § 1127; *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009) (quoting 15 U.S.C. § 1127). Use in commerce must be "as of the application filing date." 37 C.F.R. § 2.34(a)(1)(i). "The registration of a mark that does not meet the use [in commerce] requirement is void ab initio." *Aycock*, 560 F.3d at 1357 (citations omitted).

"The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127; *see Aycock*, 560 F.3d at 1357. "[A]n applicant's preparations to use a mark in commerce are insufficient to constitute use in commerce. Rather, the mark must be actually used in conjunction with the services described in the application for the mark." *Aycock*, 560 F.3d at 1360. "Without question, advertising or publicizing a service that the

applicant intends to perform in the future will not support registration"; the advertising must instead "relate to an *existing service* which has already been offered to the public." *Id.* at 1358 (internal quotation marks and citations omitted) (emphasis added).

We have not previously had occasion to directly address whether the offering of a service, without the actual provision of a service, is sufficient to constitute use in commerce under Lanham Act § 45, 15 U.S.C. § 1127.[1] In *Aycock*, we stated that, "[a]t the very least, in order for an applicant to meet the use requirement, there must be an open and notorious public offering of the services to those for whom the services are intended." 560 F.3d at 1358 (internal quotation marks and citation omitted). The applicant in *Aycock* had not made such an "open and notorious public offering of his . . . service to intended customers," and the registration was therefore void *ab initio*. *Id.* at 1361–62 (citation omitted). But we did not suggest in *Aycock* that an open and notorious public offering alone is sufficient to establish use in commerce.

---

[1]    In support of the argument that mere offering is sufficient, appellant cites *In re Sones*, 590 F.3d 1282, 1293 (Fed. Cir. 2009). But that case merely held that "the test for an acceptable website-based specimen, just as any other specimen, is simply that it must in some way evince that the mark is 'associated' with the goods and serves as an indicator of source." *Id.* at 1288. Plaintiff additionally cites two district court cases, *Intermatic Inc. v. Toeppen*, 947 F. Supp. 1227, 1239 (N.D. Ill. 1996), and *Planned Parenthood Federation of America, Inc. v. Bucci*, No. 97 Civ. 0629, 1997 WL 133313, at *3 (S.D.N.Y. Mar. 24, 1997), *aff'd*, 152 F.3d 920 (2d Cir. 1998). These district court cases are not binding on us, and, in any event, neither holds that mere offering of services constitutes use in commerce.

And appellant does not point to any decision by the Board which found mere offering of a service to be sufficient.

On its face, the statute is clear that a mark for services is used in commerce only when *both* [1] "it is used or displayed in the sale or advertising of services *and* [2] the services are rendered . . . ." 15 U.S.C. § 1127 (emphasis added). This statutory language reflects the nature of trademark rights:

> There is no such thing as property in a trademark except as a right appurtenant to an established business or trade in connection with which the mark is employed. . . . [T]he right to a particular mark grows out of its use, not its mere adoption . . . ."

*United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97 (1918).

Other circuits have interpreted Lanham Act § 45 as requiring actual provision of services. For example, in *International Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Etrangers a Monaco*, 329 F.3d 359, 361–66 (4th Cir. 2003), the Fourth Circuit held that, absent evidence of actual bookings made by a New York office for the Monte Carlo casino in Monaco, the activities of the New York office, including trade shows, advertising campaigns, partnering with charities, mail and telephone marketing, and soliciting media coverage, were insufficient to establish use in commerce of the "Casino de Monte Carlo" service mark. However, apart from the activities of the New York office, evidence that United States citizens had gone to the casino in Monaco established trade with a foreign nation and thus use in commerce. *Id.* at 365–66; *see Sensient Techs. Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754, 759–63 (8th Cir. 2010) (analogizing to service marks and holding no use in commerce where alleged infringer issued press release, made announcement, gave presentations, and constructed

website with "under construction" notice where there was no evidence of any sale or transport of goods bearing the mark at issue); *Buti v. Impressa Perosa, S.R.L.*, 139 F.3d 98, 100–03 (2d Cir. 1998) (promotion of Italian cafe in the United States, including distributing promotional materials offering free meals, did not constitute use in commerce where restaurant services were only provided in Italy and not in the United States and where it was conceded that "the food and drink services . . . form[ed] no part of the trade between Italy and the United States").[2]

The Board in this case and the leading treatise on trademarks also agree that rendering services requires actual provision of services. *See* McCarthy on Trademarks and Unfair Competition § 19:103 (4th ed. Supp. 2013) ("To qualify for registration, the Lanham Act requires that the mark be both used in the sale or advertising of services *and* that the services themselves have been rendered in interstate or foreign commerce." (emphasis in original)).

Here, there is no evidence in the record showing that appellant rendered services to any customer before 2010, and the cancellation of appellant's registration was appropriate.

## II

Appellant also argues that the Board erred in failing to allow him to amend the basis of the application to Lanham Act § 1(b), which provides for requesting registration where "[a] person . . . has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce . . . ." 15 U.S.C. § 1051(b)(1).

---

[2]    Although these other circuit cases involve infringement, they address the same language in Lanham Act § 45.

37 C.F.R. § 2.35(b) provides procedures for substitution of a basis in an application either before or after publication. 37 C.F.R. § 2.35(b)(1)–(2). But that provision contemplates substitution during the pendency of an application, not after registration. *See* TMEP § 806.03(j) (Jan. 2015) ("Any petition to change the basis must be filed before issuance of the registration."). Therefore, the Board did not err in not granting appellant's request to amend the basis of the application.

**AFFIRMED**