JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I concur in the majority opinion but would say a bit more in connection with the remand of Bar’s infringement claim. The majority notes that the district coui-t had no occasion to address whether proof of infringing sales is necessary to state a trademark claim. But the district court may well have to address on remand whether the conduct here can constitute infringement. Although our court has no authority on point, the great weight of authority is that “mere advertising ... standing alone, [does] not constitute ‘use’ of the mark within the meaning of the Lahnam Act.” Buti v. Perosa, S.R.L., 139 F.3d 98, 103 (2d. Cir. 1998); see also Couture v. Playdom, Inc., 778 F.3d 1379, 1381 (Fed. Cir. 2015); Int’l Bancorp, LLC v. Societe des Baines de Mer et du Cercle des Estrangers a Monaco, 329 F.3d 359, 361-66 (4th Cir. 2003); Sensient Techs. Corp. v. SensoryEffects Flavor Co., 613 F.3d 754, 759-63 (8th Cir. 2010); Guantanamera Cigar Co. v. Corporacion Habanos, S.A., 672 F.Supp.2d 106, 110 (D.D.C. 2009). And it is uncertain whether noninfringing sales abroad can constitute use of the mark in commerce. Neither party has briefed the issue, and under these circumstances, we elect not to consider it initially on appeal. Whether this issue is resolved at the pleading or proof stage of the litigation in the trial court, we leave it for another day.